**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CENTIMARK CORPORATION,**

        **Plaintiff,**

-vs-                                              **Case No. 6:05-cv-136-Orl-31DAB**

**A TO Z COATINGS & SONS, INC. and A**
**TO Z COATINGS, INC.**

        **Defendants**

_____

# ORDER

This matter comes before the Court on the motion for summary judgment (Doc. 44) and accompanying memorandum (Doc. 45) filed by Defendants A to Z Coatings, Inc. ("A to Z"), and A to Z Coatings & Sons, Inc. ("AZCS") the response (Doc. 60) filed by the Plaintiff, Centimark Corporation ("Centimark").

**I.    Background**

This is a contract dispute. Centimark, a roofing contractor, employed AZCS as a subcontractor on a number of jobs. (Doc. 18 at 2-3). Centimark complains that AZCS performed the work poorly, ultimately requiring Centimark to repair it. (Doc. 18 at 2-3). In Count One of its Amended Complaint, Centimark complains that AZCS's conduct breached a contract the parties entered into in April 2002. (Doc. 18 at 5). In Count Two, Centimark alleges that AZCS breached the warranty provisions of a contract the two entered in 2001. (Doc. 18 at 6). In Count Three, Centimark makes an unjust enrichment claim based on the same facts. (Doc. 18 at 7).

The instant case was filed on January 26, 2005 against AZCS only. Centimark contends that in March 2005, the principals of AZCS incorporated A to Z. (Doc. 18 at 4). Centimark contends that A to Z is a mere alter ego of AZCS and is therefore jointly and severally liable for its debts. (Doc. 18 at 3-4). Centimark added A to Z as a party to this case by way of an amended complaint filed on May 26, 2005. (Doc. 18). On August 25, 2005, the Clerk entered a default against AZCS for its failure to respond to the Amended Complaint. (Doc. 23). On April 6, 2006, because of the entry of default, the Court struck the motion for summary judgment as to AZCS. (Doc. 48).

**II.     Standards**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

**C.     Analysis**

In its motion for summary judgment, A to Z makes a variety of arguments that AZCS did not breach any contract with Centimark or that Centimark is time-barred from bringing warranty claims. (Doc. 45 at 3-9). In response, Centimark advances a number of justifications – such as alter ego theory and Florida's mere continuation of business doctrine – for holding A to Z liable for AZCS's performance. (Doc. 60 at 6-11). However, none of Centimark's theories are relevant to the points raised by A to Z in its motion, and all of them would require a judgment against

AZCS, which Centimark does not have.  However, as AZCS was never a party to a contract with Centimark, it has no standing to make the arguments to which Centimark has failed to respond.[1]

In consideration of the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the motion for summary judgment (Doc. 45) is **DENIED**.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 8, 2006.

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] In addition, AZCS's argument that Centimark may not pursue contract claims and unjust enrichment claims in the alternative fails as a matter of law. *See, e.g., Greenfield v. Manor Care, Inc.*, 705 So. 2d 926 (Fla. 4th DCA 1997), *abrogated on other grounds*, *Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345 (M.D.Fla. 2002).