# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CENTIMARK CORPORATION,**

        **Plaintiff,**

**-vs-**                                **Case No. 6:05-cv-136-Orl-31DAB**

**A TO Z COATINGS & SONS, INC. and A
TO Z COATINGS**

        **Defendants**

_____

## ORDER AND NOTICE OF HEARING

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR PARTIAL DEFAULT JUDGMENT (Doc. No. 70)**
>
> **FILED:**    **February 14, 2007**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

> **MOTION:**    **MOTION FOR SECOND PARTIAL DEFAULT JUDGMENT (Doc. No. 74)**
>
> **FILED:**    **February 16, 2007**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

A Clerk's default has been entered against A to Z Coatings & Sons, Inc. (Doc. No. 23). The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true with respect to the liability of this Defendant, save for the amount of unspecified damages. Thus, if

liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, the Complaint does not specify the amount of damages and the defaulted Defendant and the non-defaulting Defendant contest the calculation offered by Plaintiff in its motions. Moreover, the non-defaulting defendant contests its own liability. The law in this circuit is clear that in such a case, an evidentiary hearing is necessary. *See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.,* 740 F.2d 1499 (11th Cir. 1984) (defaulting party made "strong argument" that it was entitled to jury trial on damage issues, but right may have been waived); Rule 55(b)(2), Federal Rules of Civil Procedure; *Bass v. Hoagland*, 172 F.2d 205, 209 (5th Cir.) *cert. denied*, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949) (jury trial was requested and not waived; therefore, in the absence of a jury verdict or even an evidentiary hearing on the question of damages, district court denied defendant due process of law).

Therefore, **TAKE NOTICE** that a status and scheduling conference will be held before the undersigned on **THURSDAY**, **APRIL 12, 2007** at **9:30 A.M.** in Courtroom #6, George C. Young U.S. Courthouse and Federal Building, 80 North Hughey Avenue, Orlando, Florida. The timing and nature of further proceedings (including whether the parties wish to waive any right to a jury trial as indicated in the Mediator's Report) will be discussed at this hearing.

**DONE** and **ORDERED** in Orlando, Florida on March 16, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

**PLEASE NOTE**: **Photo I.D.** is required to enter the United States Courthouse. Also, **cellular telephones** and **laptop computers** are prohibited in the Courthouse unless otherwise allowed pursuant to order of the Court.